# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON WOODELL and MICHAEL :
AKIN, et al., :
: 
        **Plaintiff** :
v. : 3:12-CV-474
: (JUDGE MARIANI)
GARY A. MONROE & ASSOCIATES, et al.,:
:
        **Defendants** :

## MEMORANDUM OPINION

### I. Introduction

Plaintiffs Woodell and Akin seek leave to amend their Complaint to add plaintiffs, BWA Right of Way Services, LLC ("BWA") and Superior Right of Way Services, Inc. ("Superior"). They also seek to re-add Defendant Philip Milligan to Counts V (intentional interference with prospective contractual relations), VI (slander), and VII (slander *per se*). (Doc. 42).[1] Defendants oppose only the re-addition of Attorney Milligan on the grounds of judicial immunity. (Docs. 44, 46). In addition, the parties jointly moved to dismiss Count VIII alleging violation of the Pennsylvania Wiretap Act from Plaintiffs' proposed Amended Complaint. (Doc. 43).

Plaintiffs initiated this action by filing a Complaint on March 15, 2012. (Doc. 1). At the same time, there was another action pending between the same parties in the Western District of New York captioned *Gary A. Monroe & Associates Petroleum Land Services, Inc.*

---

[1] Previously, the parties had stipulated to the dismissal of Attorney Milligan without prejudice in the hopes that mediation would be successful. (Doc. 23).

*v Brandon Woodell and Michael Akin*, No. 6:12-CV-6116-MAT. "[I]n the interest of efficiency and judicial economy," the parties "agreed to consolidate their respective claims in this Court." (Doc. 22, ¶¶ 1-2).

## II. Factual Allegations in Proposed Amended Complaint

Plaintiffs Woodell and Akin are former independent contractors of Gary A. Monroe & Associates ("GAMA"), of which Defendant Monroe is President. (Doc. 42, Ex. A, Prop. Am. Compl. at ¶¶ 1, 3, 6). The two proposed plaintiffs, BWA and Superior, are owned and operated by Woodell and Akin, respectively. (*Id.* at ¶¶ 2, 4). In October 2011, Woodell, Akin, and Monroe orally agreed to create a joint venture, GAMA ROW, LLC. (*Id.* at ¶ 32). "At all relevant times, Milligan has represented GAMA and Monroe as their legal counsel." (*Id.* at ¶ 7). His potential liability primarily arises from statements he made and actions he took on February 9 and 10, 2012. Plaintiffs' allegations precisely as stated in their proposed Amended Complaint as to Milligan are as follows:

- On February 9, 2012, Monroe, Milligan, and approximately ten other individuals from GAMA raided GAMA's New York office. When Woodell arrived at work that morning, Woodell was orally accosted by Monroe and his representatives in the presence of GAMA employees for allegedly "withholding payroll." When Woodell explained that he did not withhold payroll, but that GAMA's funds had not been sent on time to meet payroll obligations, Woodell was told that he was fired. (*Id.* at ¶ 52).

2

- On February 10, 2012, Woodell held a meeting with several field hands engaged by GAMA to discuss his termination from GAMA and future plans. This private meeting occurred at Tanner's Restaurant in Athens, Pennsylvania, which agreed to allow Woodell to hold the meeting there while the restaurant was closed to the public. (*Id.* at ¶ 53).

- Defendant Milligan "crashed" the meeting at Tanner's before Woodell arrived, disparaging Woodell and falsely stating that GAMA had filed suit against Individual Plaintiffs. (*Id.* at ¶ 54).

- In addition, Defendant Milligan threatened those in attendance with termination if they did not sign new non-compete agreements with GAMA. (*Id.* at ¶ 55).

- A few days later, Defendant Milligan boasted to Woodell that he had secretly recorded the meeting at Tanner's. (*Id.* at ¶ 56).

- Subsequent to the termination of Plaintiffs' employment with GAMA, defendant Milligan falsely told Chesapeake employees[2] that Individual Plaintiffs stole money from GAMA. (*Id.* at ¶ 89).

- Subsequent to the termination of Individual Plaintiffs' employment with GAMA, defendants Naik and Milligan falsely told Chesapeake employees that Individual Plaintiffs were "under contract" with GAMA and therefore were restricted from working with for or with Chesapeake. (*Id.* at ¶ 93).

---

[2] Chesapeake Energy was an entity with whom GAMA ROW, LLC did business in Ohio and was "GAMA's largest customer in Pennsylvania." (*Id.* at ¶¶ 30, 35).

3

- Subsequent to the termination of Plaintiffs' employment with GAMA, defendants Naik and Milligan falsely told GAMA employees, Chesapeake employees, and employees of other companies that GAMA filed a federal lawsuit against Individual Plaintiffs on February 10, 2012, and that GAMA was actively pursuing damages against Individual Plaintiffs. (*Id.* at ¶ 94).

The above allegations form the basis for Plaintiffs' claims against Milligan for intentional interference with prospective contractual relations, slander, and slander *per se.*

### III. Standard of Review

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). In addition, "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *In re New Jersey Title Ins. Litigation*, 683 F.3d 451, 462 (3d Cir. 2012). "The Rule 15(a) factors include undue delay, bad faith, prejudice, or futility." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230-31 (3d Cir. 2011) (internal citation and quotation marks omitted).

"A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

### IV. Analysis

Plaintiffs' motion to amend was filed in a timely manner on December 31, 2012, in accordance with this Court's Case Management Order of September 6, 2012. (Doc. 36). Because Defendants do not oppose the addition of proposed plaintiffs BWA and Superior, the motion to amend was not filed in bad faith, and the addition of plaintiffs will not prejudice Defendants, the Court will grant the motion to amend to add the above two parties.

As for Attorney Milligan, Defendants assert that as GAMA's legal counsel, Attorney Milligan is entitled to absolute judicial immunity for his alleged actions.

> Whether a challenged communication is published prior to, or during, a judicial proceeding, it must bear a certain relationship to the proceeding so as to qualify it as privileged. That relationship is, in either case, the same. . . . in reference to communications made during judicial proceedings, it is necessary that a protected communication have been pertinent and material to the redress sought and that the communication have been issued in the regular course of the proceedings. Similarly, with respect to communications made prior to the institution of proceedings, the protected communication would need to have been pertinent and material and would need to have been issued in the regular course of preparing for contemplated proceedings.

*Post v. Mendel*, 507 A.2d 351, 356 (Pa. 1986). "To assure that such claims are justly resolved, it is essential that pertinent issues be aired in a manner that is unfettered by the threat of libel or slander suits being filed." *Bochetto v. Gibson*, 860 A.2d 67, 71 (Pa. 2004). As such, "[a] person who is entitled to absolute immunity cannot be liable for his communication regardless of his intent." *Id.* at 71, n.12. "[A]ll doubt as to whether the

5

alleged defamatory communication was indeed pertinent and material to the relief or redress sought is to be resolved in favor of pertinency and materiality." *Pawlowski v. Smorto*, 588 A.2d 36, 41 (Pa. Super. Ct. 1991). "Whether a particular statement is absolutely privileged is a question of law for the court." *Id.*

Attorney Hoare, outside counsel for GAMA, submitted a Certification in which he states that he "was retained by GAMA as outside counsel . . . on or about February 1, 2012 to represent GAMA in a dispute, including anticipated litigation with Brandon L. Woodell and Michael Akin." (Doc. 44, Ex. A, ¶ 3). He also swears that "[i]n the first week of February 2012, [he] began investigating the dispute and drafting a Complaint to commence a legal action against Plaintiffs." (*Id.* at ¶ 4). Finally, "[o]n February 9, 2012, GAMA travelled to its New York office to gather information in preparation for that litigation." (*Id.* at ¶ 5). However, as a general rule, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97, n.6 (3d Cir. 2010) (internal citation and quotation marks omitted).[3]

While Defendants may very well be correct that Attorney Milligan was acting in furtherance of and in preparation for pending litigation, the Court cannot find that Plaintiffs' motion is futile at this time. Though whether a particular statement is entitled to immunity is a question of law, at this early stage of the case, the Court would be finding facts in Defendants' favor if the Court did not allow Plaintiffs to amend their complaint to add

---

[3] Although this is Plaintiffs' motion to amend, with respect to re-adding Attorney Milligan as a party, Defendants oppose the motion on the ground that Plaintiffs do not state a claim upon which relief can be granted.

Attorney Milligan. The Court can take judicial notice that GAMA initiated the lawsuit against Woodell and Akin in the Western District of New York on March 2, 2012, but that is as far as the Court may go. For the Court to find Attorney Milligan is entitled to absolute immunity, it would have to credit Attorney Hoare's statement that he was engaged on February 1, 2012 in anticipation of litigation between Plaintiffs and Defendants, an easily verifiable fact. However, the Court also would have to find that GAMA's engagement of Attorney Hoare extends absolute immunity to Attorney Milligan. That is, this Court would have to find that all of Attorney Milligan's statements with respect to Plaintiffs after February 1, 2012 were "pertinent and material and . . . issued in the regular course of preparing for contemplated proceedings." *Post v. Mendel*, 507 A.2d 351, 356 (Pa. 1986). At present, all the Court may consider are the allegations contained within the four corners of the Proposed Amended Complaint.

Moreover, though according to the proposed Amended Complaint, "[a]t all relevant times, Milligan has represented GAMA and Monroe as their legal counsel," (Prop. Am. Compl. at ¶ 7), this "admission" does not automatically entitle Attorney Milligan to absolute immunity. In *Post*, *Bochetto*, and *Pawlowski*, the attorneys also were employed as legal counsel at all relevant times. The issue in all of the above cases was whether the attorneys exceeded their legal capacities and took extrajudicial, or personal, actions against their opponents. *See, e.g., Bochetto*, 860 A.2d at 73 ("As Gibson's act of sending the complaint to [a journalist] was an extrajudicial act that occurred outside of the regular course of the

7

judicial proceedings and was not relevant in any way to those proceedings, it is plain that it was not protected by the judicial privilege."); *Post*, 507 A.2d at 355 ("Rather, the defamation took the form of an extra-judicial communication which was issued during the course of trial.").

Finally, the parties have cited several cases based on Pennsylvania law in support of their respective positions. The Court notes that *Bochetto* and *Schanne* (a case on which Defendants rely)[4] were decided on motions for summary judgment. The parties also cite to *Post*, which was decided on preliminary objections. However, in both *Bochetto* and *Post*, the contested attorneys' actions/statements arose after litigation had commenced. Here, Attorney Millligan's actions and statements all appear to have occurred before litigation commenced.[5] The timing of his actions on February 9 and 10, 2012 and the filing of GAMA's lawsuit on March 2, 2012 would raise an inference that GAMA was anticipating litigation at this point, but as stated before, it is premature for this Court to hold that Plaintiffs may not pursue their claims against Attorney Milligan.

## V. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Amend Complaint (Doc. 42) will be granted. Following the conclusion of discovery, Defendants may move for summary judgment as to absolute immunity for Attorney Milligan in a motion for summary judgment.[6]

---

[4] *Schanne v. Addis*, -- F. Supp. 2d --, 2012 WL 4466624 (Sept. 27, 2012).
[5] From the wording of the Proposed Amended Complaint, it is unclear when Attorney Milligan's allegedly defamatory statements about Plaintiffs occurred.
[6] This opinion in no way precludes Defendants from filing a motion to dismiss as to Milligan on grounds other than judicial immunity.

8

The parties' Joint Motion to Dismiss Count VIII (violation of the Pennsylvania Wiretap Act) of the Amended Complaint will be granted. A separate Order follows.

Robert D. Mariani
United States District Judge